JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE CARBAJAL, | ) CASE NO. CV 18-7597-R |
| Plaintiff, | ) ORDER GRANTING PLAINTIFFS' |
| v. | ) MOTION TO REMAND |
| JO-ANN FABRICS, LLC; et al., | ) |
| Defendants. | ) |

Before the Court is Plaintiff's Motion to Remand, filed on September 21, 2018. (Dkt. No. 13). This Court took the matter under submission on October 10, 2018.

This is a personal injury case in which Plaintiff alleges negligence and premises liability against both Defendants. Plaintiff was injured when, while shopping at a Jo-Ann Fabrics store allegedly owned and/or operated by Defendant Jo-Ann Stores, LLC, her cart made contact with a wooden box crate that was allegedly stacked in an unsafe manner, causing it to fall on top of her and cause bodily injuries. Defendant Salmones allegedly was the store manager and was present and on-duty at the time of Plaintiff's injury.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. §1441(a). "The burden of establishing federal subject

matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108-09 (1941)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Defendant asserts that removal based on diversity jurisdiction was proper because Defendant Salmones was "fraudulently joined" in order to destroy complete diversity. If the Court finds that joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). However, fraudulent joinder occurs only where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 f.2D 1336, 1339 (9th Cir. 1987). If the plaintiff has stated a colorable legal claim against the resident defendant, "the motive for joining such a defendant is immaterial." *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). Plaintiff has sufficiently alleged that Salmones was the store manager at the site where she was injured and that he was present and on-duty at that time. Plaintiff alleges that Salmones had a duty to maintain the premises and keep the premises in a safe condition yet failed to do so. Plaintiff alleges that both she and Salmones are citizens of the state of California, and Defendants have introduced no evidence to the contrary. Accordingly, there is not complete diversity of citizenship in this case, and this Court lacks subject matter jurisdiction.

Defendants did not file an opposition to Plaintiff's Motion to Remand. Local Rule 7-12

states that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure] 56 may not be granted solely based on the failure to file an opposition." L.R. 7-12. Accordingly, this rule provides additional cause to remand this case to state court.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 13).

Dated: October 15, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE